On Application for Rehearing

TATE, Judge
(concurring).
The writer concurred in the reversal and concurs in the denial of rehearing; but he feels it appropriate to note the unusual features of this accident, from which resulted different conclusions of law between our conscientious trial brother and ourselves. I am now persuaded our reversal is probably correct, but I recognize that reasonable minds (and a higher court) may differ.
The accident happened on an open highway. The intersection was governed by a blinking traffic signal-light, yellow for the main thoroughfare (on which the defendant’s truck was traveling) and red for the side-road (from which the plaintiff’s decedent entered).
The huge truck of the defendant, travel-ling at a legal speed of 50 mph, required 393 feet to be brought to a stop. The brakes could not be quickly applied without risk of jack-knifing or other serious consequences. For these reasons, I think the majority opinion correctly finds the truck-driver to have been negligent when, faced with the blinking yellow signal, he did not slow nor bring his vehicle under better control. A truckdriver on a main highway does not ordinarily have the duty to do so upon seeing side-road traffic. How *142 ever, a blinking caution light signifies a heavily travelled or unusually hazardous intersection and statutorily requires the right-of-way driver to proceed “only with caution”. LSA-R.S. 32:234; State Farm Mutual Automobile Ins. Co. v. Merritt, La.App. 3d Cir., 185 So.2d 832.
Likewise, after much reflection and study of the record, our majority opinion’s conclusion of contributory negligence on the part of the decedent entering from the side-road seems justified. He drew into the highway to cross it when the large truck was slightly less than 300 feet distant, accepting as correct (as I do) the majority’s analysis of the evidence. The decedent thus entered a 60 mph main highway when this large oncoming truck was within a block of him — probably because his vision was obscured by the rising sun.
Actually, the trial court does not substantially differ from this conclusion. Our trial brother afforded recovery for the reason that, in his opinion, the truckdriver had the last clear chance to avoid colliding with the blinded and oblivious crossing driver, because the truckdriver should have slowed or veered slightly to his right. (The truckdriver’s brakes were not applied or did not make brake-marks prior to the impact, as the state trooper testified and as the truckdriver substantially admitted.)
If the truckdriver had slowed a somewhat more and veered somewhat to his left (instead of proceeding straight or rightwards), most probably there would have been no collision. The front of the pickup truck had cleared the highway pavement and, with a few split-seconds more, the little vehicle would have cleared the large van’s path.
However, under the evidence, even after application, the truck’s brakes could not significantly affect its 50 mph speed until 8-10 feet before the impact — that is, when the motorist came out some 257-285 feet distant, the truck rolled on without any braking effect until just 8-10 feet before the impact. (It slowed some 10-12 mph from its 50 mph because the driver’s foot was off the accelerator.)
Thus, this driver could not appreciably slow this huge truck (and, the record seems to indicate, no more can any such huge truck be slowed) once the side-road driver obliviously entered onto the main highway. The driver therefore could not, physicially, have had the last clear chance to avoid the accident.
My concern is this: If the decedent had similarly crossed the highway in front of ordinary 50 mph motor traffic, such oncoming traffic could have easily avoided the accident by simply slowing, despite the negligent entry of the decedent just a block away. This huge truck, however, evades the last-clear-chance liability to which normal traffic is subject, only because trucks of this size cannot be braked as efficiently as can normal traffic.
Nevertheless, this result seems correct under cited principles of law. Liability to which normal vehicle traffic is subject is thus avoided because of the use of a more-hazardous equipment (i. e., huge trucks with lesser braking efficiency), but no principle has been called to our attention which requires a different result here. If it could be said that the use of such trucks, which cannot be slowed or stopped for these great distances, is of itself negligent, I cannot at present see how this would permit recovery on behalf of another driver, himself contributorily negligent— absent last clear chance; and the use of this slow-stopping equipment deprives its operator of any real ability to avoid an accident resulting from the use of such equipment.
The writer therefore concurs in the reversal and in the denial of rehearing, but (for the reasons too lengthily expressed) with some uncertainty and reservation as to their correctness.